UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| VICTOR L. MELENDEZ CRUZ,<br><br>  Plaintiff,<br><br>  v.<br><br>BRISTOL SUPERIOR COURT et al.,<br><br>  Defendants. | Civil Action No. 22-40103-DJC |

## ORDER

**CASPER, J.**                                                                                     **February 15, 2023**

On September 15, 2022, Victor L. Melendez Cruz, now in custody at the Worcester County Jail and House of Correction, filed a *pro se* complaint against the Bristol Superior Court, one Fall River police officer, two Fall River residents, the Committee for Public Counsel Services and Bristol County District Attorney Thomas M. Quinn III. D. 1.

The Court's records indicate that this is the fourth complaint filed by plaintiff against some or all of the named defendants for actions taken during a criminal investigation and prosecution.[1] See Melendez v. Bristol Superior Court, et al., C.A. No. 21-11819-WGY (dismissed pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction); Melendez Cruz v. Bristol Superior Court, et al., C.A. No. 22-10581-WGY (dismissed pursuant to §§ 1915(e)(2)(B)(ii), 1915A(b)); Melendez v Rodriguez, et al., C.A. No. 21-11291-IT (dismissed pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction). A close examination of the instant complaint

---

[1] Plaintiff also filed a complaint concerning the conditions of his confinement at the Bristol County Jail and House of Correction. See Melendez Cruz v. Hudson, et al., C.A. No. 22-10856-DJC (pending). Plaintiff was granted until December 1, 2022, to file an amended complaint. Id. at D. 11.

reveals that it is practically identical to the complaint filed in C.A. No. 21-11819-WGY (dismissed Apr. 7, 2022) and the complaint and amended complaint filed in C.A. No. 22-10581-WGY (dismissed Sept. 6, 2022).

A document filed by a *pro se* party is to be construed liberally and the Court may take judicial notice of proceedings in other courts. See Rodi v. S. New Engl. Sch. of Law, 389 F.3d 5, 19 (1st Cir .2004); see Fed. R. Civ. P. 8(e). "As a general matter, it is clear that federal courts have inherent authority to take some actions not expressly authorized by rule or statute when such actions are needed to facilitate or safeguard legal proceedings." In re Petition for Order Directing Release of Records, 27 F.4th 84, 88–89 (1st Cir. 2022). District courts have the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Id. at 89 (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962)). Moreover, a district court may dismiss a duplicative action. See Cherelli v. InStore Grp., LLC, 513 F.Supp.3d 187, 192 (D. Mass. 2021). The power of a federal court to dismiss a duplicative lawsuit is meant to foster judicial economy and the comprehensive disposition of litigation. Maldonado-Cabrera v. Angelo-Alfaro, 26 F.4th 523, 526 (1st Cir. 2022) (citations and quotations omitted).

Here, the Court finds no reason for permitting this duplicative action to proceed. Similarly, it appears not in the interests of justice to assess a filing fee against Melendez Cruz with regard to this duplicative action.

Accordingly, this duplicative action is dismissed without prejudice pursuant to the Court's inherent authority to manage its docket.

**SO ORDERED.**

/s Denise J. Casper
Denise J. Casper
United States District Judge